**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**

|  |  |
|---|---|
| **SOC LLC and DAY & ZIMMERMANN GROUP, INC.,**<br><br>　　　　**Plaintiffs,**<br><br>　　　　　　v.<br><br>**BILLY MAX CONNER II and DAVID RAY JOHNSON,**<br><br>　　　　**Defendants.** | Civil Action No. _____ |

## COMPLAINT

Plaintiffs SOC LLC ("SOC") and Day & Zimmermann Group, Inc. ("Day & Zimmermann"; collectively "Plaintiffs") hereby file this Complaint against Defendants Billy Max Conner II ("Conner") and David Ray Johnson ("Johnson"; collectively "Defendants").

## PRELIMINARY STATEMENT

1.　　　Defendants are former executives who supported SOC, which is a Day & Zimmermann subsidiary. Conner was SOC's Senior Vice President of Integrated Security, and Johnson was Vice President and Chief Financial Officer of SOC and other Day & Zimmermann entities. In this capacity, Defendants had significant access to certain confidential information and trade secrets of SOC and Day & Zimmerman's business, which they were legally and contractually obligated to safeguard.

2.　　　In addition to working together at SOC for several years, Conner and Johnson were close colleagues who, after their employment with Plaintiffs ended, now appear to be working for related entities in the security industry.

3.      SOC is a Virginia-based security company that provides global security services to United States government agencies in a variety of geographic locations including, among other locations, Baghdad, Jerusalem, and nuclear facilities in Texas, Tennessee, and Nevada.

4.      In November of 2020 and February of 2021, respectively, Conner and Johnson were terminated from their employment for performance reasons.  In connection with their terminations, Defendants were required to return their work laptops and all property and proprietary information of Plaintiffs, including, but not limited to, all confidential and/or trade secret information of Plaintiffs, their keys, badges, credit cards, manuals, ledgers and other proprietary materials of Plaintiffs.

5.      Before they returned their work laptops to Plaintiffs, unauthorized external hard drives were connected to both Conner and Johnson's work laptops while still in their possession. While those devices were connected, forensic evidence shows folders and/or files containing trade secret and/or confidential information of Plaintiffs were accessed and, upon information and belief, Defendants took or moved such information, without authorization, to such hard drives in violation of their contractual and legal obligations to Plaintiffs.

6.      For weeks after their respective terminations, Defendants each negotiated and subsequently signed a Confidential Agreement and General Release representing that they had returned all things in their possession relating to Plaintiffs' business, including, among other things, all proprietary material of Plaintiffs. This misrepresentation was made by Conner on or around December 17, 2020, when he signed a Confidential Information Agreement and Release with Plaintiffs, and was likewise made by Johnson on or around February 22, 2021, when he signed a similar agreement with Plaintiffs.  On information and belief, these misrepresentations were meant

to cover their tracks and induce Plaintiffs to tender lucrative payments to Defendants in connection with the Confidential Agreements and General Releases.

7.       Plaintiffs reasonably believed those misrepresentations after they were made. Plaintiffs further believed and relied on Defendants' promises to abide by their post-employment non-compete, non-solicitation and confidentiality obligations to Plaintiffs.

8.       However, in May of 2022 Plaintiffs learned, for the first time from a third party, that Defendants apparently were secretly consulting for a competitor of SOC to bid on a security task order with the United States Department of State ("DOS").  This 2022 task order was issued under DOS's Worldwide Protective Services ("WPS") III Indefinite Delivery, Indefinite Quantity ("IDIQ") contract, a procurement opportunity for which Defendants and only three other security companies (one of which is the competitor mentioned above) qualified.  Put another way, the first round of the procurement selection process requires qualifying for and entering into an IDIQ contract with DOS.  Subsequently, as the need for security services evolves, task orders are issued to bid or re-bid to those security companies with an IDIQ contract.

9.       The relevant 2022 task order was under the IDIQ contract to provide security services at the Baghdad Embassy in Iraq (hereinafter the "2022 Iraq Task Order").  SOC held the incumbent contract on this task order for approximately ten (10) years, meaning that for those 10 years up until transition to the contractor awarded the 2022 Iraq Task Order, it provided security services at two Baghdad Embassy sites in Iraq on behalf of DOS.  While employed with Plaintiffs, Defendants were privy to SOC's internal plans and approach to the IDIQ and Iraq task order, both of which are highly confidential to SOC and both of which provided the foundation for SOC's bid on the 2022 Iraq Task Order.

10.     After becoming aware of this potential interference, SOC alerted DOS to this discovery to ensure that the integrity of this important procurement was not tainted with any improprieties.  In connection with this report, SOC made clear that Defendants were former SOC senior executives who worked extensively on WPS III IDIQ Task Orders during their employment and who were privy to SOC's sensitive proprietary information relating to cost and pricing data, labor rates, program execution, management, and staffing, among other things.

11.     Given that Defendants' integrity and post-employment activity appeared to be questionable, Plaintiffs subsequently conducted a forensic investigation to further evaluate Defendants' activity.

12.     Plaintiffs were highly concerned when the forensic analysis of Defendants' SOC laptops demonstrated that Defendants had made intentional misrepresentations to conceal what presents as their misconduct and misappropriation of certain trade secret and/or confidential information of Plaintiffs.

13.     In this regard, the forensic evidence speaks volumes, as it shows a large number of sensitive folders being accessed while unauthorized external storage devices were connected to Defendants' laptops—including up to their respective last days of employment.  Defendants were not authorized to appropriate or retain such information (including information related to the contract referenced above, as well as many other confidential projects) after being notified of their respective terminations.

14.     Because Defendants now work at or with a potential competitor of SOC and also have "consulting" businesses that may be used to compete unfairly with Plaintiffs, this discovery is gravely concerning and necessitates expedited legal protection.

15.     Based on Defendants' premeditated misconduct, their cavalier misrepresentations, and their intentional breach of their promises to Plaintiffs, it appears that Defendants stole certain of Plaintiffs' trade secret and confidential information, have not returned such misappropriated information and upon information and belief have previously, are currently, or are planning to exploit such sensitive information for their own financial benefit and to the detriment of Plaintiffs.

## PARTIES AND JURISDICTION

16.     SOC is a limited liability company whose sole member is Day & Zimmermann, Inc.

17.     Day & Zimmermann, Inc. is a Maryland corporation with its principal place of business in Pennsylvania.

18.     Day & Zimmermann is a Delaware corporation with its principal place of business in Pennsylvania.

19.     Conner is an individual who, upon information and belief, resides in Leesburg, Virginia.

20.     Johnson is an individual who, upon information and belief, resides in Clearwater, Florida and prior to his termination had an office at SOC in Virginia.

21.     This Court has personal jurisdiction over Conner based on his residency in Virginia.

22.     This Court has personal jurisdiction over Johnson based on his actions in Virginia that underlie this suit, his prior employment with Plaintiffs in Virginia, for which he was frequently present in SOC's offices in Chantilly, Virginia, and the direction of his actions to the detriment of SOC in Virginia.

23.     This Court also has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties.  Plaintiffs are citizens of Pennsylvania and Maryland, Conner is a citizen of Virginia, and Johnson is a citizen of

Florida.  Further, the amount in controversy exceeds $75,000.  Alternatively, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claim under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836, *et seq.*, arises under federal law, and this Court has supplemental subject-matter jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiffs' federal DTSA claim that they form part of the same case or controversy and derive from a common nucleus of operative fact.

24.     Venue is appropriate pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this suit occurred in the Eastern District of Virginia, Defendants previously worked in Virginia in connection with SOC's business, and because Conner is a resident of, and subject to this Court's personal jurisdiction in, the Eastern District of Virginia.

## RELEVANT FACTS

### I.     CONNER AND JOHNSON'S EMPLOYMENT

25.     SOC, a Day & Zimmermann company, is a global provider of security and other mission support solutions.  It employs approximately 5,000 professionals engaged in the delivery of security, cyber security, canine services, base operations, facilities maintenance, and international logistics.  In this capacity, SOC supports a range of U.S. government agencies, including by way of example the Department of Defense, Department of State, and Department of Energy in various geographic locations around the world.

26.     Conner was Senior Vice President of Security Solutions for several years prior to his termination in November of 2020.  In this role, Conner had significant access to confidential information and/or certain trade secrets of SOC and was directly involved in numerous governmental and other agency bids and projects, including, but not limited to, bids and services provided to the Department of State regarding the Baghdad Embassy and the Department of Energy regarding nuclear facilities.

27.     Johnson worked as Vice President and Chief Financial Officer for Day & Zimmerman Government Services, which included SOC, for several years before his February 2021 termination.  In that capacity, he had significant access to a range of confidential information and/or certain trade secrets of SOC (including confidential financial information, pricing, calculations, forecasts, and analyses, among other things), and directly participated in numerous sensitive bidding efforts, projects, financial examinations and internal reports for Plaintiffs.

28.     Conner and Johnson were trained directly with regard to confidentiality and the importance of secrecy and safeguarding sensitive information of Plaintiffs.  Indeed, secrecy was a paramount priority when providing security services to SOC's clients.  This was not only instilled in Defendants through their confidentiality agreements, but also in training and/or instructions they received from SOC.

29.     Critically, Defendants, as executives, had access to trade secret and/or confidential information of Plaintiffs that, if known outside of Plaintiffs, would be highly valuable and could dramatically harm Plaintiffs' business, market position, and bid opportunities, among other things.

## II.     CONNER AND JOHNSON'S CONFIDENTIALITY AGREEMENTS

30.     Conner and Johnson were subject to a Code of Ethics and Use of Information and Systems policy, both of which required them to protect and keep confidential all proprietary information of Plaintiffs and their clients.  They were also required annually to complete the company's Ethics and Compliance Awareness Program, which included training with respect to securing information and protecting privacy as well as orientation to the Code of Ethics.

31.     Further, in connection with his employment, Conner signed an Employee Confidentiality and Non-Competition Agreement in December 2017.

32.     Likewise, Johnson signed an Employee Confidentiality and Non-Competition Agreement in July 2015.

33.     Those agreements define Confidential Information as follows:[1]

[A]n item of information, or a compilation of information, in any form (tangible or intangible) related to Day & Zimmermann's business that Day & Zimmermann has not made public or that it has not authorized public disclosure of and that is not already generally known to the public or to other persons who might obtain value or competitive advantage from its disclosure or use.  Confidential Information will not lose its protected status under this Agreement if it becomes known to others through improper means such as the unauthorized use or disclosure of the information by Employee or another person.  Confidential Information includes, but is not limited to, information regarding the methods or procedures employed by Day & Zimmermann in providing services, the names of any of Day & Zimmermann's suppliers or customers, pricing and sales information, records, price lists, pricing policies, all dealings and terms with Day & Zimmermann's financing sources, financial information, customer names, customer lists, business relationships, and other information relating to customers, information about employee benefits and compensation, discoveries, concepts, systems and/or methods, procedures, or formulas, designs, drawings, specifications, techniques, models, data, technical manuals, advertising materials, all processes, procedures and know-how, and any information Employee has reason to know Day & Zimmermann would like to treat as confidential for any purpose, such as maintaining a competitive advantage.

34.     The agreements also contain the following confidentiality promise:

Employee agrees that in order to protect Day & Zimmermann's Confidential Information and good will, during his/her employment and following the termination of his/her employment for any reason, Employee will not, without the written consent of Day & Zimmermann, directly or indirectly, disclose, copy, make use of, or remove from Day & Zimmermann's premises, Confidential Information, except as may be required in the course of Employee's employment with Day & Zimmermann. Employee acknowledges that any use of Confidential Information by individuals and/or entities not employed by or affiliated with Day & Zimmermann would provide such individuals and/or entities with an unfair economic advantage that they would not otherwise have.

35.     The agreements, which are governed by Pennsylvania law, are also clear regarding

injunctive relief and attorneys' fees:

Employee understands and acknowledges that this Agreement is intended to protect the legitimate business interests, including the Confidential Information and good will of Day & Zimmermann, and that a breach of this Agreement will irreparably and continually damage Day & Zimmermann. Therefore, Employee agrees that Day & Zimmermann may obtain an injunction in court to stop Employee from breaching

---

[1] These agreements were executed by Day & Zimmermann and specifically protected its subsidiaries and affiliated companies.

or continuing to breach any obligations under this Agreement, in addition to any other remedy provided by law. In the event that Employee violates/breaches any of the covenants contained in this Agreement and Day & Zimmermann is required to seek enforcement of such in any court having jurisdiction, Employee shall be responsible for all reasonable attorney's fees and costs incurred by Day & Zimmermann in the successful enforcement of this Agreement, in addition to any damages sustained by Day & Zimmermann as a result of the violations/breaches.

## III. DEFENDANTS' UNAUTHORIZED USE AND/OR RETENTION OF EXTERNAL HARD DRIVES

36.     In light of the third-party information received regarding Defendants' concerning post-employment activity, in Q3 of 2022 Plaintiffs initiated and paid for a forensic investigation of Defendants' pre-termination activities to assess the scope of Defendants' apparent breaches and wrongdoing.

37.     That investigation revealed Conner's and Johnson's apparent misappropriation of certain trade secrets and/or other confidential information of Plaintiffs, including, in part, after being made aware of their terminations.

38.     In particular, Conner learned on November 10, 2020 that he was being terminated. Prior to and including that day, Conner connected a Western Digital My Passport external hard drive to his work computer, including after he learned about his termination, and accessed numerous files and folders that, on information and belief, are on that device, which Conner then failed to disclose or turn over to Plaintiffs.[2]  Following is a sample, in chronological order, of folders and/or files Conner accessed with that external hard drive connected, including up to the day he learned of his termination:[3]

---

[2] Also at issue are additional external devices that Defendants have not returned, and which will be addressed in the forthcoming briefing with the Court.
[3] Green rows indicate when Conner was connecting or disconnecting the Western Digital hard drive. Yellow rows indicate files or folders that, on their face, are indicative of containing trade secrets or other confidential information of Plaintiffs.

| Timestamp (UTC)[4] | Event Type | File Path/Device |
|---|---|---|
| 2/21/2020 13:46 | Connect | WD My Passport 0820 |
| 2/21/2020 16:35 | File Modified | C:\Users\connerb\Documents\SRS\FPR\SOC Items for Discussion (revised).pdf |
| 2/21/2020 16:35 | File Created | C:\Users\connerb\Documents\SRS\FPR\SOC Items for Discussion (revised).docx |
| 2/21/2020 16:35 | File Modified | C:\Users\connerb\Documents\SRS\FPR\SOC Items for Discussion (revised).docx |
| 2/21/2020 17:41 | File Opened/Accessed | C:\Users\connerb\Documents\SRS\FPR\SOC Items for Discussion (revised).docx |
| 2/21/2020 18:44 | File Modified | C:\Users\connerb\Documents\SRS\SOC Certification Regarding the Use of Inadvertently Disclosed Information 02-21-2020.pdf |
| 2/21/2020 19:09 | File Opened/Accessed | C:\Users\connerb\Documents\SRS\SOC Certification Regarding the Use of Inadvertently Disclosed Information 02-21-2020.pdf |
| 2/21/2020 19:43 | File Modified | C:\Users\connerb\Documents\WPS2\Task Order 01 (Israel) |
| 2/21/2020 19:48 | File Created | C:\Users\connerb\Documents\Security Solutions\2019 SIP and Bonus Payments\WPS Direct Bill SIP Calculation Workbook 2019 Calendar Year (Conner 3).xlsx |
| 2/21/2020 19:48 | File Modified | C:\Users\connerb\Documents\Security Solutions\2019 SIP and Bonus Payments\WPS Direct Bill SIP Calculation Workbook 2019 Calendar Year (Conner 3).xlsx |
| 2/21/2020 21:24 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\2018 SIP and Bonus Payouts\Integrated Security WPS Calculation 2018 Calendar Year (Conner Final Calcs 05-09-2019).xlsx |
| 2/21/2020 21:48 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\2019 SIP and Bonus Payments\WPS Direct Bill SIP Calculation Workbook 2019 Calendar Year (Conner 2).xlsx |
| 2/21/2020 21:48 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\2019 SIP and Bonus Payments\WPS Direct Bill SIP Calculation 2019 Calendar Year (Final).xlsx |
| 2/21/2020 21:48 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\2019 SIP and Bonus Payments\WPS Direct Bill SIP Calculation Workbook 2019 Calendar Year (Conner 3).xlsx |
| 2/21/2020 22:06 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\WPS II Direct Bill Incentive Plan\SOC WPS II Direct Bill Employee Incentive Plan (Draft).doc |
| 2/21/2020 22:07 | File Opened/Accessed | C:\Users\connerb\Documents\WPS2\Task Order 01 (Israel)\JER Final 160528 - (conner Edits with Dave Johnson Edits included).docx |
| 2/21/2020 22:07 | File Opened/Accessed | C:\Users\connerb\Documents\WPS2\Task Order 01 (Israel) |

[4] UTC was five hours ahead of Eastern Time.

| | | |
|---|---|---|
| 2/21/2020 22:07 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\WPS II Direct Bill Incentive Plan\GS WPS - SIP Approval_Rev_10_8_19.pptx |
| 2/21/2020 22:20 | File Created | C:\Users\connerb\Documents\Security Solutions\2019 SIP and Bonus Payments\WPS Direct Bill SIP Calculation Workbook 2019 Calendar Year (Conner 4).xlsx |
| 2/21/2020 22:20 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\2019 SIP and Bonus Payments\WPS Direct Bill SIP Calculation Workbook 2019 Calendar Year (Conner 4).xlsx |
| 2/21/2020 22:20 | File Created | C:\Users\connerb\Documents\Security Solutions\2019 SIP and Bonus Payments\WPS Direct Bill SIP Calculation Workbook 2019 Calendar Year (Conner 4).xlsx |
| 2/21/2020 22:20 | File Modified | C:\Users\connerb\Documents\Security Solutions\2019 SIP and Bonus Payments\WPS Direct Bill SIP Calculation Workbook 2019 Calendar Year (Conner 4).xlsx |
| 2/21/2020 22:20 | File Modified | C:\Users\connerb\Documents\Security Solutions\2019 SIP and Bonus Payments\WPS Direct Bill SIP Calculation Workbook 2019 Calendar Year (Conner 4).xlsx |
| 2/22/2020 1:25 | Disconnect | WD My Passport 0820 |
| 3/5/2020 17:58 | Connect | WD My Passport 0820 |
| 3/5/2020 20:14 | Directory Interaction | Shared Documents Folder (Users Files)\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\WMCQBIWS\Vol_3 SRS PSS.zip |
| 3/5/2020 20:14 | File Created | C:\Users\connerb\Documents\SRS\Vol_3\Vol III Book 3 |
| 3/5/2020 20:14 | Directory Created | Shared Documents Folder (Users Files)\Local documents\SRS\Vol_3 |
| 3/5/2020 20:14 | Directory Created | Shared Documents Folder (Users Files)\Local documents\SRS\Vol_3\Vol III Book 1 |
| 3/5/2020 20:14 | Directory Created | Shared Documents Folder (Users Files)\Local documents\SRS\Vol_3\Vol III Book 2 |
| 3/5/2020 20:14 | Directory Created | Shared Documents Folder (Users Files)\Local documents\SRS\Vol_3\Vol III Book 3 |
| 3/5/2020 20:14 | Directory Interaction | Shared Documents Folder (Users Files)\Local documents\SRS\Vol_3 |
| 3/5/2020 20:14 | Directory Interaction | Shared Documents Folder (Users Files)\Local documents\SRS\Vol_3\Vol III Book 1 |
| 3/5/2020 20:14 | Directory Interaction | Shared Documents Folder (Users Files)\Local documents\SRS\Vol_3\Vol III Book 2 |
| 3/5/2020 20:14 | Directory Interaction | Shared Documents Folder (Users Files)\Local documents\SRS\Vol_3\Vol III Book 3 |
| 3/5/2020 20:14 | File Opened/Accessed | C:\Users\connerb\Documents\SRS\Vol_3\Vol III Book 3\SRSPSS Schedule Loaded 4.29.19.xer |
| 3/5/2020 20:15 | File Opened/Accessed | C:\Users\connerb\Documents\SRS\Vol_3\Vol III Book 3\SRS PSS Volume III Book 3 - L-14 SOC.xlsx |
| 3/5/2020 20:15 | File Opened/Accessed | C:\Users\connerb\Documents\SRS\Vol_3\Vol III Book 3\SRS PSS Volume III Book 3 - L-7a SOC.xlsx |
| 3/5/2020 20:16 | File Modified | C:\Users\connerb\Documents\SRS\Vol_3\Vol III Book 3 |

| 3/5/2020 20:16 | File Opened/Accessed | C:\Users\connerb\Documents\SRS\Vol_3\Vol III Book 3\SRS PSS Volume III Book 3 - L-7 SOC.xlsx |
| 3/5/2020 20:16 | File Opened/Accessed | C:\Users\connerb\Documents\SRS\Vol_3\Vol III Book 3 |
| 3/5/2020 21:59 | Disconnect | WD My Passport 0820 |
| 3/6/2020 18:01 | Connect | WD My Passport 0820 |
| 3/6/2020 18:07 | Directory Interaction | Shared Documents Folder (Users Files)\Local documents\NNSS\Steve Pricing Info |
| 3/6/2020 21:07 | File Created | C:\Users\connerb\Documents\DOE\Paducah\Paducah pricing worksheet (Conner V3 04-06-20).xlsx |
| 3/6/2020 21:07 | File Modified | C:\Users\connerb\Documents\DOE\Paducah\Paducah pricing worksheet (Conner V3 04-06-20).xlsx |
| 3/6/2020 21:31 | Disconnect | WD My Passport 0820 |
| 4/21/2020 13:28 | Connect | WD My Passport 0820 |
| 4/21/2020 13:36 | Directory Interaction | My Computer\Documents\C*[5] Reports |
| 4/21/2020 13:37 | File Created | C:\Users\connerb\Documents\C* Reports\CDT v17-CTAC 2020 (002).docx |
| 4/21/2020 13:37 | File Modified | C:\Users\connerb\Documents\C* Reports\CDT v17-CTAC 2020 (002).docx |
| 4/21/2020 14:05 | File Created | N:\WPS II\Task Order 3\Contract Folder - WPSII IDIQ and PWS Versions\Canine Descope Mod PWS Rev 6 - Apr 20-2020 |
| 4/21/2020 14:05 | Directory Created | My Computer\N:\WPS II\Task Order 3\Contract Folder - WPSII IDIQ and PWS Versions\Canine Descope Mod PWS Rev 6 - Apr 20-2020 |
| 4/21/2020 14:06 | File Created | N:\WPS II\Task Order 3\Contract Folder - WPSII IDIQ and PWS Versions\Canine Descope Mod PWS Rev 6 - Apr 20-2020\TO3 Cost Proposal (Consolidated) - Revised Canine Descope Final v4.xlsx |
| 4/21/2020 14:06 | File Modified | N:\WPS II\Task Order 3\Contract Folder - WPSII IDIQ and PWS Versions\Canine Descope Mod PWS Rev 6 - Apr 20-2020\TO3 Cost Proposal (Consolidated) - Revised Canine Descope Final v4.xlsx |
| 4/21/2020 14:09 | Directory Interaction | My Computer\C:\Users\connerb\Documents\C* Reports |
| 4/21/2020 14:09 | File Created | C:\Users\connerb\Documents\C* Reports\TO7 - TO11 CDT ROM (Conner Edits).docx |
| 4/21/2020 14:09 | File Modified | C:\Users\connerb\Documents\C* Reports\TO7 - TO11 CDT ROM (Conner Edits).docx |
| 4/21/2020 15:09 | Directory Interaction | My Computer\N:\Compliance Checks |
| 4/21/2020 15:10 | Directory Interaction | My Computer\N:\Facilities Management\Security\Access Badge Alarm System |

---

[5] Given that this is a confidential code-named project, the full code name is replaced with C* for confidentiality reasons, but it can be provided in camera to the Court at a later date as needed.

| 4/21/2020 15:10 | Directory Interaction | My Computer\N:\Facilities Management\Security\Personnel Photos |
|---|---|---|
| 4/21/2020 15:10 | Directory Interaction | My Computer\N:\Facilities Management\Security\Visitor Logs |
| 4/21/2020 15:10 | File Opened/Accessed | N:\Facilities Management\Security\Visitor Logs\EE Visitor & Guest Notification 2016.docx |
| 4/21/2020 15:10 | File Opened/Accessed | C:\Users\connerb\Documents\C* Reports\TO7 - TO11 CDT ROM (Conner Edits).docx |
| 4/21/2020 15:10 | Directory Interaction | My Computer\N:\Facilities Management\Security\Visitor Logs\2017 3975 |
| 4/21/2020 15:11 | File Opened/Accessed | N:\Facilities Management\Security\Visitor Logs\2017 3975 |
| 4/21/2020 15:11 | File Opened/Accessed | N:\Facilities Management\Security\Visitor Logs\2017 3975\3975 WE 062417.pdf |
| 4/21/2020 15:11 | Directory Interaction | My Computer\N:\Facilities Management\Security\Visitor Logs\Secure Area |
| 4/21/2020 15:11 | File Opened/Accessed | N:\Facilities Management\Security\Visitor Logs\Secure Area |
| 4/21/2020 15:11 | File Opened/Accessed | N:\Facilities Management\Security\Visitor Logs\Secure Area\2016.pdf |
| 4/21/2020 15:11 | File Opened/Accessed | N:\Facilities Management\Security |
| 4/21/2020 15:11 | File Opened/Accessed | N:\Facilities Management\Security\avigilon-acm-5.12.0-admin-guide-en-rev1.pdf |
| 4/21/2020 15:12 | Directory Interaction | My Computer\N:\Facilities Management\Visitor Logs |
| 4/21/2020 15:12 | Directory Interaction | My Computer\N:\Facilities Management\Facilities |
| 4/21/2020 15:59 | Directory Interaction | My Computer\N:\Facilities Management\Facilities |
| 4/21/2020 16:00 | Directory Interaction | My Computer\N:\ESFs support docs |
| 4/21/2020 16:06 | Disconnect | WD My Passport 0820 |
| 6/10/2020 14:40 | Connect | WD My Passport 0820 |
| 6/10/2020 15:29 | Directory Created | My Computer\Documents\FPS\East Texas |
| 6/10/2020 15:29 | Directory Created | My Computer\C:\Users\connerb\Documents\FPS\East Texas |
| 6/10/2020 15:29 | Directory Interaction | My Computer\Documents\FPS\East Texas |
| 6/10/2020 15:30 | File Created | C:\Users\connerb\Documents\FPS\East Texas\Amendment 1.pdf |
| 6/10/2020 15:30 | File Modified | C:\Users\connerb\Documents\FPS\East Texas\Amendment 1.pdf |
| 6/10/2020 15:30 | File Opened/Accessed | C:\Users\connerb\Documents\FPS\East Texas\Amendment 1.pdf |
| 6/10/2020 15:31 | File Created | C:\Users\connerb\Documents\FPS\East Texas\Amendment 2.pdf |
| 6/10/2020 15:31 | File Modified | C:\Users\connerb\Documents\FPS\East Texas\Amendment 2.pdf |

| 6/10/2020 15:31 | File Opened/Accessed | C:\Users\connerb\Documents\FPS\East Texas\Amendment 2.pdf |
|---|---|---|
| 6/10/2020 15:34 | File Created | C:\Users\connerb\Documents\FPS\East Texas\Form 1449.pdf |
| 6/10/2020 15:34 | File Modified | C:\Users\connerb\Documents\FPS\East Texas\Form 1449.pdf |
| 6/10/2020 15:34 | File Opened/Accessed | C:\Users\connerb\Documents\FPS\East Texas\Form 1449.pdf |
| 6/10/2020 15:34 | File Opened/Accessed | C:\Users\connerb\Documents\FPS\East Texas\Cover Letter.pdf |
| 6/10/2020 15:34 | File Created | C:\Users\connerb\Documents\FPS\East Texas\Cover Letter.pdf |
| 6/10/2020 15:34 | File Modified | C:\Users\connerb\Documents\FPS\East Texas\Cover Letter.pdf |
| 6/10/2020 15:38 | Directory Interaction | My Computer\C:\Users\connerb\Documents\FPS\East Texas |
| 6/10/2020 15:39 | File Opened/Accessed | C:\Users\connerb\Documents\FPS\East Texas\Amendment 2.pdf |
| 6/10/2020 15:39 | File Opened/Accessed | C:\Users\connerb\Documents\FPS\East Texas\Amendment 1.pdf |
| 6/10/2020 15:39 | File Opened/Accessed | C:\Users\connerb\Documents\FPS\East Texas\Form 1449.pdf |
| 6/10/2020 15:39 | File Opened/Accessed | C:\Users\connerb\Documents\FPS\East Texas\Cover Letter.pdf |
| 6/10/2020 15:42 | Disconnect | WD My Passport 0820 |
| 6/10/2020 15:43 | Connect | WD My Passport 0820 |
| 6/10/2020 16:27 | File Created | C:\Users\connerb\Downloads\Section_L_-_Exhibit_1.0_-_Mandatory_Minimum_Matrix_-_04.10.2020[1].docx |
| 6/10/2020 16:27 | File Modified | C:\Users\connerb\Downloads\Section_L_-_Exhibit_1.0_-_Mandatory_Minimum_Matrix_-_04.10.2020[1].docx |
| 6/10/2020 16:32 | File Created | C:\Users\connerb\Downloads\Section_L_-_Exhibit_2.1.0_Baghdad_Security-_Performance_Work_Statement_-_04.30.2020[1].docx |
| 6/10/2020 16:32 | File Modified | C:\Users\connerb\Downloads\Section_L_-_Exhibit_2.1.0_Baghdad_Security-_Performance_Work_Statement_-_04.30.2020[1].docx |
| 6/10/2020 16:36 | File Created | C:\Users\connerb\Documents\WPS 3\Privia Package with Amendments |
| 6/10/2020 16:36 | File Modified | C:\Users\connerb\Documents\WPS 3\Privia Package with Amendments |
| 6/10/2020 16:36 | Directory Created | My Computer\Documents\WPS 3\Privia Package with Amendments |
| 6/10/2020 16:36 | File Modified | C:\Users\connerb\Documents\WPS 3 |
| 6/10/2020 16:36 | File Opened/Accessed | C:\Users\connerb\Documents\WPS 3\Privia Package with Amendments |
| 6/10/2020 16:36 | File Opened/Accessed | C:\Users\connerb\Documents\WPS 3 |

| | | |
|---|---|---|
| 6/10/2020 16:36 | Directory Interaction | My Computer\Documents\WPS 3\Privia Package with Amendments |
| 6/10/2020 16:37 | File Opened/Accessed | C:\Users\connerb\Downloads\Section_L_-_Exhibit_2.1.0_Baghdad_Security-_Performance_Work_Statement_-_04.30.2020[1].docx |
| 6/10/2020 16:37 | File Opened/Accessed | C:\Users\connerb\Downloads\Section_L_-_Exhibit_1.0_-_Mandatory_Minimum_Matrix_-_04.10.2020[1].docx |
| 6/10/2020 17:03 | Disconnect | WD My Passport 0820 |
| 7/16/2020 15:28 | Connect | WD My Passport 0820 |
| 7/16/2020 16:45 | Directory Interaction | My Computer\Documents\Security Solutions\Strat Plan 2021\Cyber |
| 7/16/2020 16:46 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\2021 Strat Plan Template (BU Level).pptx |
| 7/16/2020 17:17 | Disconnect | WD My Passport 0820 |
| 7/16/2020 18:32 | Connect | WD My Passport 0820 |
| 7/16/2020 20:35 | File Created | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS |
| 7/16/2020 20:35 | File Created | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS |
| 7/16/2020 20:35 | File Created | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS |
| 7/16/2020 20:35 | File Created | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS |
| 7/16/2020 20:35 | Directory Created | My Computer\C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS |
| 7/16/2020 20:35 | Directory Created | My Computer\Documents\Security Solutions\Strat Plan 2021\IS |
| 7/16/2020 20:35 | File Modified | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021 |
| 7/16/2020 20:35 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021 |
| 7/16/2020 20:35 | Directory Interaction | My Computer\C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS |
| 7/16/2020 20:36 | File Created | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS\2021 Strat Plan IS (V2).pptx |
| 7/16/2020 20:36 | File Modified | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS\2021 Strat Plan IS (V2).pptx |
| 7/16/2020 23:02 | Disconnect | WD My Passport 0820 |
| 8/11/2020 14:57 | Connect | WD My Passport 0820 |
| 8/11/2020 16:49 | File Opened/Accessed | C:\Users\connerb\Documents\NNSS\Contracts Folder\NNSS Modifications.zip |
| 8/11/2020 16:49 | Directory Interaction | My Computer\Documents\NNSS\Contracts Folder\NNSS Modifications.zip |
| 8/11/2020 16:49 | File Modified | C:\Users\connerb\Documents\NNSS |
| 8/11/2020 16:49 | File Opened/Accessed | C:\Users\connerb\Documents\NNSS\Copy of Copy of NNSS ProForce FINAL Pricing with Evaluation Sheets.xlsx |

| | | |
|---|---|---|
| 8/11/2020 16:49 | File Opened/Accessed | C:\Users\connerb\Documents\NNSS |
| 8/11/2020 18:09 | File Opened/Accessed | C:\Users\connerb\Documents\DOE\DOE Incentive Plans and Salary Structure - Implementation Plan for Approval 12_19_19 (002).pptx |
| 8/11/2020 18:09 | File Opened/Accessed | C:\Users\connerb\Documents\DOE\2020 DOE S4 Salary Structure 12.9.19.pdf |
| 8/11/2020 19:06 | File Created | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Final Files\2021 IS Strat Plan Discussion (V3).pptx |
| 8/11/2020 19:06 | File Modified | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Final Files\2021 IS Strat Plan Discussion (V3).pptx |
| 8/11/2020 19:06 | File Created | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS\2021 IS Strat Plan Discussion (Final).pptx |
| 8/11/2020 19:06 | File Modified | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS\2021 IS Strat Plan Discussion (Final).pptx |
| 8/11/2020 19:08 | File Modified | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Cyber\2021 Cyber Strat Plan Discussion (Final).pptx |
| 8/11/2020 19:10 | File Modified | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Cleared Staffing\2021 Cleared Staffing Strat Plan Discussion (Final).pptx |
| 8/11/2020 20:18 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Cleared Staffing\2021 Strat Plan - Cleared Staffing (Final 08-04-2020).pptx |
| 8/11/2020 20:20 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Cyber\2021 Strat Plan - Cyber (Final 08-04-2020).pptx |
| 8/12/2020 13:51 | Disconnect | WD My Passport 0820 |
| 9/11/2020 12:49 | Connect | WD My Passport 0820 |
| 9/11/2020 17:26 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\SOC SIP Plan Document\SOC SIP Plan Final 4.15.16.pdf |
| 9/11/2020 17:26 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\SOC SIP Plan Document |
| 9/11/2020 17:34 | File Opened/Accessed | C:\Users\connerb\Documents\Job Description\2020\Program Manager Special Programs 09-09-2020.docm |
| 9/11/2020 17:37 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\2017 SIP & Evals\Special Programs SIP Calculation 2017 (final 02-08-2018).xlsx |
| 9/11/2020 17:37 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\2017 SIP & Evals |
| 9/11/2020 17:37 | File Modified | C:\Users\connerb\Documents\Security Solutions\2017 SIP & Evals |
| 9/14/2020 13:24 | Disconnect | WD My Passport 0820 |
| 10/7/2020 14:52 | Connect | WD My Passport 0820 |

| 10/7/2020 15:46 | File Opened/Accessed | C:\Users\connerb\Documents\Authority Matrix SOC-DZ\Decision  Authorization Matrixes - October  2016 (00000002).xlsx |
| 10/7/2020 15:46 | File Opened/Accessed | C:\Users\connerb\Documents\Authority Matrix SOC-DZ |
| 10/7/2020 15:46 | File Modified | C:\Users\connerb\Documents\Authority Matrix SOC-DZ |
| 10/7/2020 20:29 | Disconnect | WD My Passport 0820 |
| 10/21/2020 14:40 | Connect | WD My Passport 0820 |
| 10/21/2020 18:15 | File Created | C:\Users\connerb\Documents\Y-12---Pantex\TA Presentation\Teaming Agreement Considerations Y12-Pantex (Final v2).pptx |
| 10/21/2020 18:15 | File Modified | C:\Users\connerb\Documents\Y-12---Pantex\TA Presentation\Teaming Agreement Considerations Y12-Pantex (Final v2).pptx |
| 10/21/2020 22:54 | Disconnect | WD My Passport 0820 |
| 10/27/2020 15:57 | Connect | WD My Passport 0820 |
| 10/27/2020 18:27 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Cyber\2021 Cyber Strat Plan Discussion (Final).pptx |
| 10/27/2020 18:27 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Cyber |
| 10/27/2020 18:28 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Final Files\2020 Strategic Plan - Gov Svcs - Integrated Security 25JUN202.pptx |
| 10/27/2020 18:28 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Final Files |
| 10/27/2020 18:28 | File Modified | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Final Files |
| 10/27/2020 18:29 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Final Files\2021 IS Strat Plan Discussion (V3).pptx |
| 10/27/2020 18:29 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Final Files |
| 10/27/2020 18:29 | File Modified | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\Final Files |
| 10/27/2020 18:29 | Directory Interaction | My Computer\Documents\Security Solutions\Strat Plan 2021\IS |
| 10/27/2020 18:30 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS\2021 Strat Plan Discussion (V3).pptx |
| 10/27/2020 18:30 | File Opened/Accessed | C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021\IS |
| 10/27/2020 19:11 | Disconnect | WD My Passport 0820 |
| 10/27/2020 19:12 | Connect | WD My Passport 0820 |
| 10/27/2020 19:57 | Directory Interaction | My Computer\C:\Users\connerb\Documents\Security Solutions\Strat Plan 2021 |

| 10/27/2020 20:51 | File Modified | C:\Users\connerb\Documents\Y-12---Pantex\TA Presentation\Fluor Due Diligence Questionnaire (Draft 1).pdf |
|---|---|---|
| 10/27/2020 21:00 | Disconnect | WD My Passport 0820 |
| 11/10/2020 15:27 | Connect | WD My Passport 0820 |
| 11/10/2020 17:38 | File Modified | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sol_89233220RNA000002.pdf |
| 11/10/2020 17:39 | File Created | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP |
| 11/10/2020 17:39 | Directory Created | My Computer\Documents\Y-12---Pantex\Proposal\RFP |
| 11/10/2020 17:39 | File Opened/Accessed | C:\Users\connerb\Documents\Y-12---Pantex\Proposal |
| 11/10/2020 17:39 | File Modified | C:\Users\connerb\Documents\Y-12---Pantex\Proposal |
| 11/10/2020 17:39 | Directory Interaction | My Computer\Documents\Y-12---Pantex\Proposal\RFP |
| 11/10/2020 17:39 | File Opened/Accessed | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sol_89233220RNA000002.pdf |
| 11/10/2020 17:39 | File Created | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sol_89233220RNA000002.pdf |
| 11/10/2020 17:40 | File Modified | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sec B-H - Part I Schedule.pdf |
| 11/10/2020 17:40 | File Opened/Accessed | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sec B-H - Part I Schedule.pdf |
| 11/10/2020 17:40 | File Created | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sec B-H - Part I Schedule.pdf |
| 11/10/2020 17:41 | File Modified | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sec J Appendix G - List of Contracting Officer's Respresentatives (CORs).pdf |
| 11/10/2020 17:41 | File Opened/Accessed | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sec J Appendix G - List of Contracting Officer's Respresentatives (CORs).pdf |
| 11/10/2020 17:41 | File Created | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sec J Appendix G - List of Contracting Officer's Respresentatives (CORs).pdf |
| 11/10/2020 17:42 | File Modified | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sec J Appendix G - List of Contracting Officer's Respresentatives (CORs) (1).pdf |
| 11/10/2020 17:42 | File Created | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sec J Appendix G - List of Contracting Officer's Respresentatives (CORs) (1).pdf |
| 11/10/2020 17:42 | File Opened/Accessed | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP |
| 11/10/2020 17:42 | File Modified | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP |
| 11/10/2020 17:42 | File Opened/Accessed | C:\Users\connerb\Documents\Y-12---Pantex\Proposal\RFP\Sec J Appendix G - List of Contracting Officer's Respresentatives (CORs) (1).pdf |

| 11/10/2020 23:24 | Directory Interaction | My Computer\C:\Users\connerb\Documents\Y-12---Pantex |
|---|---|---|
| 11/10/2020 23:24 | Disconnect | WD My Passport 0820 |

39.     Critically, many of these folders and files relate to highly sensitive business matters, including but not limited to code-named projects (e.g., C*), ongoing services at nuclear facilities (e.g., Pantex and Y-12), Department of Energy (DOE) projects, and other trade secret and/or confidential information of Plaintiffs that Defendants had no authority to retain, use or disclose following their termination.

40.     On information and belief, Conner misappropriated such trade secret and/or confidential information of Plaintiffs by obtaining the same on or before his last day of employment, retaining such sensitive information without authorization, and then providing a decoy external hard drive to SOC after his termination to create the misimpression that he had returned Plaintiffs' materials.

41.     Plaintiffs have been able to retrieve some of the above-referenced folders and/or files, which plainly contain trade secrets, including documents that contained proprietary and/or other confidential markings.  For example, the 2020 Pantex and Y-12 folder contains trade secret and/or confidential information, such as an expressly confidential and detailed 2020 teaming agreement with another entity, related secret analysis regarding the potential teaming arrangement with respect to bidding on the Pantex and Y-12 facility contracts, descriptions of SOC's secret internal process to prepare bids, and other highly sensitive information.

42.     Johnson learned on the morning of February 4, 2021 that he was being terminated, and he knew he was expected to close out his employment with integrity.

43.     Yet, on our around 10:37 a.m. Eastern, Johnson attached a Western Digital external hard drive to his work computer without authorization or disclosure to Plaintiffs.  Over the next 45

minutes, while the external hard drive was secretly connected to his work laptop, Johnson accessed

numerous directories containing apparent trade secrets and/or confidential information of Plaintiffs

as highlighted below:

| Timestamp (UTC) | Event Type | File Path/Device |
|---|---|---|
| 2/4/2021 15:37 | Connect | WD My Passport 25E1 USB Device |
| 2/4/2021 15:49 | File Opened/Accessed | C:\Users\johnsod24\Documents\Scanned Documents\Documents\B Conner ER01FEB16.pdf |
| 2/4/2021 15:52 | Directory Interaction | Financials\Q1 Forecast |
| 2/4/2021 15:53 | Directory Interaction | My Computer\Documents\Financials\Forecast\2020\Q1 |
| 2/4/2021 15:53 | File Modified | C:\Users\johnsod24\Documents\Financials\Forecast\2020\Q1 |
| 2/4/2021 15:53 | File Opened/Accessed | C:\Users\johnsod24\Documents\Financials\Forecast\2020\Q1\Financials |
| 2/4/2021 15:53 | File Opened/Accessed | C:\Users\johnsod24\Documents\Financials\Forecast\2020\Q1 |
| 2/4/2021 15:54 | Directory Interaction | My Computer\Documents\Financials\Forecast\2020\Q1\Financials |
| 2/4/2021 15:57 | Directory Interaction | My Computer\Documents\Administration\Audits\2016 Audit |
| 2/4/2021 15:57 | Directory Interaction | My Computer\Documents\Administration\Audits\2020 Audit |
| 2/4/2021 15:57 | Directory Interaction | My Computer\Documents\Administration\Audit\2018 Incurred Cost Audit |
| 2/4/2021 15:58 | Directory Interaction | My Computer\Documents\Administration\COVID-19\2021 |
| 2/4/2021 15:59 | Directory Interaction | My Computer\Documents\Administration\Disclosure Statement |
| 2/4/2021 16:00 | Directory Interaction | My Computer\Documents\Administration\ERP |
| 2/4/2021 16:00 | File Modified | C:\Users\johnsod24\Documents\Administration\Audits |

| | | |
|---|---|---|
| 2/4/2021 16:00 | File Opened/Accessed | C:\Users\johnsod24\Documents\Administration\Audits\Incurred Cost Filings |
| 2/4/2021 16:00 | File Opened/Accessed | C:\Users\johnsod24\Documents\Administration\Audits |
| 2/4/2021 16:00 | Directory Interaction | My Computer\Documents\Administration\Insurance |
| 2/4/2021 16:01 | Directory Interaction | My Computer\Documents\Administration\Leases |
| 2/4/2021 16:01 | Directory Interaction | My Computer\Documents\Administration\Marketing |
| 2/4/2021 16:01 | Directory Interaction | My Computer\Documents\Administration\Payroll |
| 2/4/2021 16:02 | Directory Interaction | My Computer\Documents\Administration\Policy |
| 2/4/2021 16:02 | Directory Interaction | My Computer\Documents\Administration\PR Approval\New folder |
| 2/4/2021 16:03 | Directory Interaction | My Computer\Documents\Administration\PR Approval\2020 |
| 2/4/2021 16:03 | Directory Interaction | My Computer\Documents\Administration\Safety |
| 2/4/2021 16:03 | Directory Interaction | My Computer\Documents\Administration\SAP Upgrade |
| 2/4/2021 16:03 | Directory Interaction | My Computer\Documents\Administration\SOC Audited Financials |
| 2/4/2021 16:04 | Directory Interaction | My Computer\Documents\Administration\Staff Mtg |
| 2/4/2021 16:04 | Directory Interaction | My Computer\Documents\Administration\Survey |
| 2/4/2021 16:04 | Directory Interaction | My Computer\Documents\Administration\Taxes |
| 2/4/2021 16:04 | Directory Interaction | My Computer\Documents\Administration\Templates |
| 2/4/2021 16:05 | Directory Interaction | My Computer\Documents\Administration\Security |
| 2/4/2021 16:06 | Directory Interaction | My Computer\Documents\DOE |
| 2/4/2021 16:06 | Directory Interaction | My Computer\Documents\DZ Federal Services |
| 2/4/2021 16:06 | Directory Interaction | My Computer\Documents\Financials\Audited Statements\D&Z |

| 2/4/2021 16:06 | Directory Interaction | My Computer\Documents\Financials\Balance Sheet |
|---|---|---|
| 2/4/2021 16:06 | Directory Interaction | My Computer\Documents\Financials\Billing |
| 2/4/2021 16:06 | Directory Interaction | My Computer\Documents\Financials\EVA |
| 2/4/2021 16:06 | Directory Interaction | My Computer\Documents\Financials\H&A |
| 2/4/2021 16:07 | Directory Interaction | My Computer\Documents\Financials\History |
| 2/4/2021 16:07 | Directory Interaction | My Computer\Documents\Financials\Pools |
| 2/4/2021 16:07 | Directory Interaction | My Computer\Documents\Financials\Return on Invested Capital |
| 2/4/2021 16:07 | Directory Interaction | My Computer\Documents\Financials\WPS PMO |
| 2/4/2021 16:07 | Directory Interaction | My Computer\Documents\Financials\YearEnd |
| 2/4/2021 16:07 | Directory Interaction | My Computer\Documents\JV\New folder |
| 2/4/2021 16:08 | Directory Interaction | My Computer\Documents\Spec Pgms |
| 2/4/2021 16:14 | Directory Interaction | My Computer\Documents\WPS\Tunisia |
| 2/4/2021 16:14 | Directory Interaction | My Computer\Documents\WPS\Training |
| 2/4/2021 16:14 | Directory Interaction | My Computer\Documents\WPS\Taxes |
| 2/4/2021 16:14 | Directory Interaction | My Computer\Documents\WPS\RFI |
| 2/4/2021 16:14 | Directory Interaction | My Computer\Documents\WPS\REA |
| 2/4/2021 16:14 | Directory Interaction | My Computer\Documents\WPS\PIRS |
| 2/4/2021 16:14 | Directory Interaction | My Computer\Documents\WPS\New Business |
| 2/4/2021 16:14 | Directory Interaction | My Computer\Documents\WPS\Muster |
| 2/4/2021 16:15 | Directory Interaction | My Computer\Documents\WPS\Muster |
| 2/4/2021 16:15 | Directory Interaction | My Computer\Documents\MEA |
| 2/4/2021 16:22 | Disconnect | WD My Passport 25E1 USB Device |

44.     In doing so, Johnson accessed highly sensitive business information of Plaintiffs without a valid business reason or authorization while the external hard drive, which was not disclosed to nor given to Plaintiffs after his termination, was connected to his work laptop.  Further, this missing device was not disconnected from Johnson's laptop until after such trade secret and/or confidential information of Plaintiffs was accessed.

45.     Johnson's calculated decision to access trade secret and/or confidential financial and business information, business development information, training and tax folders, information regarding services provided to the Department of Energy and other clients, marketing, insurance, and security data, among other things, is exceedingly concerning.

46.     A forensic examination of Johnson's laptop activity reveals that folders and/or files that contain trade secret and/or confidential information of Plaintiffs were accessed while the laptop was still in his possession and while a missing external device was connected, which Johnson had no business reason to do on his last day of employment.  Johnson concealed this activity from Plaintiffs.

47.     Johnson's intentions to misappropriate the above information and then conceal his activity while negotiating a post-termination agreement with Plaintiffs seem clear.  Indeed, the forensic examination even shows that he accessed and/or took a file on Conner.

48.     Although Defendants have been separated from Plaintiffs for over a year and a half, the trade secret and confidential information of Plaintiffs that Defendants apparently stole still retains important and highly competitive value, including that some of it is clearly relevant to upcoming bid opportunities and active projects, as to which Defendants should be precluded from participating or consulting given Defendants' unlawful activity.

## IV.   DEFENDANTS' CONFIDENTIAL AGREEMENTS AND GENERAL RELEASES

49.     After their unauthorized and concealed use of external storage devices, Conner and Johnson tried to cover their tracks.  In the weeks after their respective terminations, both signed a Confidential Agreement and General Release with Plaintiffs, which contained, in relevant part, their independent affirmative representations that they had returned all of Plaintiffs' materials.

50.     Upon information and belief, that was a false statement designed to induce Plaintiffs into executing the agreements and tendering payments and other promises to Defendants thereunder, because Defendants knew that they retained certain trade secret and/or confidential information of Plaintiffs that they had secretly misappropriated and that if they disclosed that fact, Plaintiffs would have ensured it was immediately returned and would not have entered into any post-employment agreements with Defendants.

51.     Plaintiffs relied on Defendants' false representations when executing these agreements and, accordingly, paid Defendants significant monetary amounts and agreed to other business terms in reasonable reliance on the apparent misrepresentation that two of their senior executives had not retained or misappropriated any of Defendants' materials.

52.     Based on foregoing, Defendants fraudulently induced Plaintiffs into signing the Confidential Agreements and General Releases, as well as making all related payments and agreeing to the terms thereunder.

## V.   THE BAGHDAD EMBASSY TASK ORDER

53.     As Defendants were aware when they were terminated, SOC was bidding on a task order to provide security services to the U.S. embassy in Baghdad, Iraq.

54.     SOC had for years held a contract for that task order, in which both Defendants participated extensively and thus had intimate access to the services provided by SOC to the DOS

as well as highly confidential internal analyses regarding SOC's security services at that embassy, along with associated financial and business information.

55.     Both Defendants had extensive access to trade secret and/or confidential information regarding SOC's work in Iraq, among other geographic locations.

56.     In late May 2022 the DOS made its award for the above-referenced task order to a company by the name of Aegis Defense Services LLC d/b/a Gardaworld ("Gardaworld"), which is a direct competitor of SOC.

57.     Shortly after the award was made to Gardaworld, Plaintiffs received information that two of their former employees had been "consulting" for Gardaworld regarding the bid for this task order, which was highly suspicious in nature.

58.     Thereafter, an individual affiliated with Gardaworld corroborated the existence of a consulting arrangement with Conner with respect to, at minimum, Iraq tax issues.  Conner and Johnson were involved with Iraq tax issues at SOC.

59.     Importantly, taxation in Iraq is not a simple matter, and related analysis is complex and, at least with respect to SOC, confidential.

60.     Conner and Johnson had extensive valuable and confidential information from SOC related to, among other things, the Baghdad project.

61.     On information and belief, Conner used that information for his own financial gain and to the detriment of Plaintiffs.

62.     On further information and belief, Conner's consultation for or in connection with Gardaworld was not limited to tax issues.

63.     Upon information and belief, the other former employee consulting for or in connection with Gardaworld was Johnson.  Given the close relationship between Conner and

Johnson, that Johnson accessed a folder related specifically to Conner when the external device was plugged into his laptop on February 4, 2021 after he learned of his termination, and that Johnson is presently working as controller for the same corporate family as Conner's current employer, the circumstances suggested a calculated plan for Defendants to harm Plaintiffs.

64.     Like Conner, Johnson had access to certain secret and valuable information of Plaintiffs, including related to SOC's business, operations, and financial information.  He accessed and, presumably, misappropriated, certain trade secret and/or confidential information of Plaintiffs while his external hard drive was connected to his work computer on his last day of employment. Plaintiffs' forensic investigation has confirmed that among the confidential information and/or trade secrets of Plaintiffs that Johnson accessed after learning of his termination were various confidential Iraq tax-related documents, including the following file names: 2019 Iraq Taxes.xlsx and Iraq_Tax.pptx.

65.     According to public sources, both Conner and Johnson now work for the corporate family of a Reston, Virginia company called Converged Security Solutions (which is a potential competitor of SOC), and they also both have been "consulting" for their own benefit in the security industry.

66.     On information and belief, Defendants have apparently been retaining, using, disclosing and/or benefitting from unauthorized access to trade secret and other confidential information of Plaintiffs without authorization.

## VI.     PLAINTIFFS' INVESTIGATION

67.     Once Plaintiffs learned that Defendants had apparently been consulting for or in connection with Gardaworld, Plaintiffs became highly concerned about Defendants' motive and post-employment activity.  Consequently, Plaintiffs initiated a forensic investigation of Defendants' work computers to assess what Defendants were concealing from Plaintiffs.

68.     That investigation uncovered the highly suspicious activity surrounding the undisclosed and missing external hard drives described above and has left Plaintiffs with no choice but to file this lawsuit against two former executives who, by all appearances, stole highly valuable and secret information of Plaintiffs and then lied to Plaintiffs about it in order to enrich themselves both through unwarranted post-employment payments and through "consulting" and other services that exploit Plaintiffs' highly valuable information to Defendants' benefit and Plaintiffs' detriment.

69.     Plaintiffs believe they have already been harmed—in part irreparably—by Defendants' actions.

70.     If Defendants' misconduct is not stopped and Plaintiffs' confidential and trade secret information is not immediately returned and permanently extracted from Defendants' possession, Plaintiffs' standing in the security industry, ability to compete, and reputation will continue to be undermined by Defendants' unlawful activity.

## COUNT I – BREACH OF CONTRACT

71.     Plaintiffs incorporate by reference the previous paragraphs as if fully set forth herein.

72.     The Employee Confidentiality and Non-Competition Agreements that Defendants signed contain enforceable confidentiality obligations with respect to Plaintiffs' confidential information and trade secrets (the "Initial Agreements").

73.     The Confidential Agreements and General Releases, which attach the Initial Agreements, contain enforceable promises by Defendants that they had returned all of Defendants' materials to Plaintiffs.

74.     Plaintiffs performed their obligations under the Initial Agreements and the Confidential Agreements and General Releases.

75.     Upon information and belief, Defendants breached the Initial Agreements and the Confidential Agreements and General Releases by misappropriating, retaining using, and/or disclosing Confidential Information of Plaintiffs and falsely affirming that they had returned such information when they had not.

76.     These breaches have harmed, and continue to harm, Plaintiffs.  Part of that harm includes, but is not limited to, the amounts paid to Defendants after their breaches, which were concealed from Plaintiffs and are compensable, and also includes the past and ongoing injury to Plaintiffs' standing in the marketplace, reputation, and ability to compete, as well as the costs incurred by Plaintiffs to discover Defendants' egregious misconduct through the forensic examination.

77.     In addition to specific performance and injunctive relief, Plaintiffs are entitled to damages and, under section 8 of the Employee Confidentiality and Non-Competition Agreements, attorneys' fees.

## COUNT II – MISAPPROPRIATION OF TRADE SECRETS

78.     Plaintiffs incorporate by reference the previous paragraphs as if fully set forth herein.

79.     Information described above which, upon information and belief, Defendants misappropriated on external hard drives or otherwise up to their last day of employment, was subject to reasonable measures of secrecy, including without limitation employee training, confidentiality agreements, and password protection on Plaintiffs' work computers and systems. 18 U.S.C. § 1839(3).

80.     Certain of the business information in, at minimum, the directories and files highlighted in yellow above, derive independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain

economic value from the disclosure or use of such information.   18 U.S.C. § 1839(3).   That information is also used in interstate commerce, foreign commerce, or both.

81.     Upon information and belief, Defendants misappropriated certain trade secrets of Plaintiffs, including without limitation from certain folders and/or files highlighted above in yellow, in violation of the Defend Trade Secrets Act.  18 U.S.C. § 1836.

82.     Upon information and belief, Defendants have not only misappropriated for themselves, but have retained, used and/or disclosed to or for the benefit of others, some or all of the trade secret information of Plaintiffs that Defendants stole without authorization as identified above.

83.     Upon information and belief, Defendants continue to threaten and/or engage in activity that threatens disclosure and/or use of trade secret information of Plaintiffs as identified above to Plaintiffs' detriment, particularly given that some of the information accessed when external hard drives were plugged into Defendants' laptops pertain to projects with upcoming bid opportunities.

84.     Defendants have inflicted, and continue to inflict, actual or threatened irreparable harm on Plaintiffs, for which preliminary and permanent injunctive relief is warranted pursuant to 18 U.S.C. § 1836(b)(3)(A)

85.     Plaintiffs have been and continue to be damaged by Defendants' misappropriation of Plaintiffs' trade secrets in an amount to be proven at trial pursuant to 18 U.S.C. § 1836(b)(3)(B).

86.     Defendants' misappropriation was willful and malicious, entitling Plaintiffs to an award of punitive damages pursuant to 18 U.S.C. § 1836(b)(3)(C).

87.     Because Defendants' misappropriation was willful and malicious, Plaintiffs are also entitled to their attorneys' fees and other expenses pursuant to 18 U.S.C. § 1836(b)(3)(D).

## **COUNT III – BREACH OF FIDUCIARY DUTY**

88.　　Plaintiffs incorporate by reference the previous paragraphs as if fully set forth herein.

89.　　As employees, agents, and officers, Defendants were fiduciaries of Plaintiffs.

90.　　As fiduciaries, Defendants owed Plaintiffs duties such as loyalty, full disclosure, reasonable care and confidentiality, among other things, as well as a duty to refrain from self-dealing and not placing their own interests ahead of Plaintiffs' or using their fiduciary positions with Plaintiffs as a means to their own ends or to Plaintiffs' detriment.

91.　　Upon information and belief, Defendants breached their fiduciary duties to Plaintiffs by, among other things, connecting unauthorized external device(s) to their laptops on their last day of employment, failing to disclose such misconduct to Plaintiffs, engaging in unauthorized access of trade secret and/or confidential information of Plaintiffs after they learned of their termination, but before returning their laptops, failing to exercise reasonable care in departing from their employment with integrity, misusing company resources and/or time, and/or engaging in acts of self-dealing while being paid by Plaintiffs, all of which Defendants concealed from Plaintiffs.

92.　　Upon information and belief, Defendants further breached their fiduciary duties by retaining, misappropriating, using, and/or disclosing trade secret and/or confidential information of Plaintiff up to and after their last day of employment for Plaintiffs.

93.　　Defendants' breach of fiduciary duties caused Plaintiffs injury in an amount to be proven at trial.

94.　　At minimum, Defendants must disgorge all consideration paid to them by Plaintiffs following the commencement of their breach, as well as any consideration paid to them by any competitors or third parties to or while breaching their common law duties to Plaintiffs.

95.     The outrageousness of Defendants' conduct entitles Plaintiffs to an award of punitive damages.

## COUNT IV – FRAUDULENT INDUCEMENT (IN THE ALTERNATIVE TO BREACH OF THE CONFIDENTIAL AGREEMENTS AND GENERAL RELEASES)

96.     Plaintiffs incorporate by reference the previous paragraphs as if fully set forth herein.

97.     Upon information and belief, Defendants knew that the representations in section 6 of their Confidential Agreements and General Releases were false when they made those misrepresentations, they knew that they had *not* performed as represented in that section, that they had no intention of performing their obligations under that section, and that they intended Plaintiffs to rely on those misrepresentations to induce Plaintiffs to make post-employment payments to Defendants and agree to modify or create certain post-employment obligations.

98.     In reasonable reliance on their former executives' representations, Plaintiffs, among other things, conveyed significant monetary consideration amounts in consideration to Defendants, agreed to modify their non-competition obligations, and did not investigate Defendants' hidden wrongdoing for more than a year.

99.     Plaintiffs are entitled to an award of all damages suffered as a result of Defendants' fraud.

100.     The outrageousness of Defendants' conduct entitles Plaintiffs to an award of punitive damages.

## COUNT V – UNFAIR COMPETITION

101.     Plaintiffs incorporate by reference the previous paragraphs as if fully set forth herein.

102.     By engaging in the conduct described above, including, but not limited to, the misappropriation of confidential and/or trade secrets information of Plaintiffs and consulting with a competitor or engaging in competitive activity in violation of their obligations to Plaintiffs, Defendants have engaged in unfair competition in violation of applicable law.

103.     Defendants' unfair competition proximately caused Plaintiffs' losses in an amount to be proven at trial.

104.     The outrageousness of Defendants' conduct entitles Plaintiffs to an award of punitive damages.

## JURY DEMAND

105.     Plaintiffs demand trial by jury on all issues so triable.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

1.       Enter injunctive relief in favor of Plaintiffs;

2.       Enter judgment in favor of Plaintiffs;

3.       Award Plaintiffs compensatory and punitive damages in an amount to be proven at trial;

4.       Award Plaintiffs their expenses, forensic costs, court costs, and attorneys' fees expended on this action; and

5.       Award such other and further relief, whether at law or in equity as the Court deems just and proper.

Dated: November 10, 2022            Respectfully submitted,

                                    By:      /s/ *Jocelyn Cuttino*

                                    **MORGAN, LEWIS & BOCKIUS LLP**

                                    Jocelyn Cuttino
                                    VA State Bar No. 81379
                                    jocelyn.cuttino@morganlewis.com
                                    1111 Pennsylvania Ave. NW
                                    Washington, DC 20004-2541
                                    (202) 739-5927 (Telephone)
                                    (202) 739-5000 (Facsimile)

                                    Michelle Pector (pro hac vice motion forthcoming)
                                    TX State Bar No. 24027726
                                    michelle.pector@morganlewis.com
                                    Jared Wilkerson (pro hac vice motion forthcoming)
                                    TX State Bar No. 24084096
                                    jared.wilkerson@morganlewis.com
                                    1000 Louisiana Street, Suite 4000
                                    Houston, Texas 77002
                                    (713) 890-5000 (Telephone)
                                    (713) 890-5001 (Facsimile)

                                    *Attorneys for Plaintiffs*